# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JAVIER VARGAS, | No. 2:18-CV-2112-MCE-DMC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITIATION, et al., | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a preliminary injunction (ECF No. 13).

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is

1

likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

In this case, plaintiff seeks an order requiring all 27 named defendants to cease "further harassment" including verbal threats of violence and sexual harassment. Plaintiff also asks that defendants turn over a variety of communication devices, that Defendants be restrained from contact with him and his family, that an investigation be ordered into each of the Defendants, and that Defendants cease using medical and criminal records to blackmail him, among other things. Specifically, plaintiff asks that Defendants be restrained:

> from making or attempting any verbal or written contact through themselves 2d, 3d parties, threats of violence against Petitioner or family members of the Petitioner including any property, U.S. mail, parcels, packages or any personal information. The Defendant[s] should surrender any device, computer, smart phone or component thereof to the Court including any recorded visual film, audio recorded feed, any pictures, videos and spyware. The Defendants should stop immediately any behavior that constitutes any criminal stalking in violation of state and federal law or any type of action that can be interpreted as harassment including but not limited to, obstruction of any private or governmental U.S. mail, parcels or packages, property from being delivered or sent out. The Defendants shall stay away from Petitioner and the friends and family members including the minor daughter "Darlene Montelongo" who is under the age of sixteen and was threatened to Petitioner with sexual assault. The Defendants will not contact any family member or friend of the Petitioner in writing, cell phone, land line phone- computer e-mail – Facebook – public or government telephone. The Defendant[s] will violating confidential medical and criminal information to black mail, extort, coerce, intimidate, cause or pressure Petitioner directly, 2d, 3d party, through threats to vacate, leave, facility or sleep deprivation will not be used. CDCR will investigate all of the names named in all documents forthwith. The Defendants will stop all and any action(s) which constitutes sexual harassment voyeurism, or any

2

type of sexual based harassment.

<u>See</u> Plaintiff's Motion for Preliminary Injection.

The court finds injunctive relief is not warranted here because plaintiff cannot, at this time, establish a likelihood of success on the merits of his claim, and because plaintiff has not demonstrated irreparable harm absent an injunction. Plaintiff's complaint fails to meet the pleading standard necessary to proceed past screening. Plaintiff fails to connect any of the named defendants with any of the alleged constitutional violations. Further, Plaintiff's complaint fails to allege with any degree of particularity each individual claim. The court, therefor, cannot assess the merits of plaintiff's claim. Additionally, Plaintiff has failed to indicate what, if any, irreparable harm would occur without a preliminary injunction. Rather, Plaintiff simply lists a broad scope of limitations Plaintiff wishes to impose upon the Defendants in this case. Given the deficiencies in Plaintiff's complaint, this Court's inability to assess the merits of the claims, and Plaintiff's failure to articulate the irreparable harm he would suffer before a decision on the merits can be rendered, Plaintiff has failed to establish the necessary grounds for injunctive relief.

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (ECF No. 13) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst,</u> 951 F.2d 1153 (9th Cir. 1991).

Dated: January 16, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE