# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JAVIER VARGAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITIATION, et al.,<br><br>Defendants. | No. 2:18-CV-2112-MCE-DMC<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are Plaintiff's first amended complaint (ECF No. 10) and Plaintiff's motion for appointment of counsel (ECF No. 12). Plaintiff alleges violations of his rights under the Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendments as well as various other vague and unclear violations.

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

1

from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff has named 24 defendants.  Plaintiff asserts no less than three claims and several miscellaneous issues related to, what Plaintiff characterizes as, violations of the Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendments.  These allegations seem to stem from an alleged sexual advance made toward him by one of the named Defendants.  Plaintiff claims that he was the unwilling target of this individual's interest in a relationship and that his rejection of the relationship subjected him to ongoing harassment.  This harassment includes, but is not limited to, the spread of allegations and rumors that Plaintiff engaged in sexual acts with other

inmates and blackmail.

### III. ANALYSIS

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because a plaintiff must allege, with at least some degree of particularity, overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

Here, Plaintiff raises multiple claims, each based on multiple Constitutional violations and each containing multiple miscellaneous issues. Each claim and accompanying issues are not pleaded with any degree of particularity and are not connected to any of the factual assertions. Instead the supporting facts simply stand alone as broad and conclusory descriptions of general wrongs. Further, Plaintiff fails to identify any of the defendants in the factual allegations. In other words, Plaintiff has failed to identify the overt acts by specific defendants that support each alleged constitutional violation. For that reason, it is impossible to determine which defendant committed the alleged wrongful conduct.

/ / /
/ / /
/ / /
/ / /

## IV. AMENDING THE COMPLAINT

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

## V. MOTION FOR APPOINTMENT OF COUNSEL

Pending before the court is plaintiff's motion for the appointment of counsel (ECF No. 12). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff asserts that he requires the appointment of legal counsel because he is completely indigent, imprisonment will greatly limit his ability to litigate his case as the issues in this case are complex, has limited access to the law library and limited legal knowledge, and has "mental health disability with many complex matters."

The Court looks first to Plaintiff's likelihood of success on the merits. Plaintiff makes no argument in his motion that he will likely be successful on the merits of this specific case. This Court's review of the complaint found that all of Plaintiff's claims are not cognizable as currently pleaded. Plaintiff's claims are largely unclear and fail to meet the pleading standard. For that reason, it cannot be said that Plaintiff will likely be successful on the merits of his claims.

The Court looks second to Plaintiff's ability to articulate his claims on his own in light of the complexity of the legal issues involved. Though Plaintiff has failed to compose a clear complaint that satisfies the pleading standard, he does not seem incapable of articulating his claims generally. There is no evidence that indicates Plaintiff would be unable to properly outline constitutional violations and support those alleged violations with factual assertions. Additionally, Plaintiff's potential claims are not so complex as to warrant the need of appointed counsel. Thus, Plaintiff has not made an adequate showing that he is entitled to appointed counsel.

///

///

## VI.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (ECF No. 12) is denied;

2. Plaintiff's first amended complaint is dismissed with leave to amend; and

3. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order

Dated: January 16, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE